IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

GREGORY ALLEN DAY,

    Petitioner

v.                                                              CASE NO. 1:12-cv-90-MP-GRJ

UNITED STATES OF AMERICA,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

    This matter is before the Court on Doc. 1, a petition for writ of habeas corpus filed by Petitioner, a prisoner in the custody of the United States Bureau of Prisons. Petitioner was sentenced in 2009 in this Court to 212 months imprisonment and 5 years of supervised release for possession of a firearm by a convicted felon. (Case No. 1:09-cr-6 Doc. 40.) Defendant previously filed a motion under § 2255 which was denied. (Case No. 1:09-cr-6 Docs. 62, 92.) The instant petition again attacks the sentence imposed by this Court. Specifically, Defendant contends that the Court does not possess subject matter jurisdiction over the federal criminal proceedings against him in Case No. 1:09-cr-6. (Doc. 1.) One of the grounds Petitioner asserted in his 2255 motion was that this Court lacked subject matter jurisdiction over the criminal proceedings in which he was charged with and ultimately pleaded guilty to possession of a firearm by a convicted felon. (Case No. 1:09-cr-6 Doc. 62. 5-8.)

    The Court will treat the instant petition as a motion to vacate under § 2255. Because Petitioner was denied relief previously under § 2255, he is barred from

seeking such relief again in this Court absent prior certification from the Eleventh Circuit.  28 U.S.C.  §§  2255(h), 2244(b)(3); *see Villanueva v. United States*, 346 F.3d 55 (2nd Cir. 2003) (habeas or § 2255 petition that is properly dismissed as time-barred constitutes an adjudication on the merits for successive purposes).  There is nothing in the record that reflects that Petitioner has been granted leave by the Eleventh Circuit to file a successive motion to vacate, and thus this Court lacks the requisite authorization to entertain the claims raised in the instant motion.

In light of the foregoing, it is respectfully **RECOMMENDED** that Petitioner's petition for habeas corpus, Doc. 1, be **DENIED**.

**IN CHAMBERS** this 8th day of May 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**